IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JEFFREY L. HILL                                                                                           PLAINTIFF

v.                                        No. 2:15-CV-02261
                                          No. 2:16-CV-02064

RAY WALLACE; LEE KREHBIEL; and
the UNIVERSITY OF ARKANSAS AT
FORT SMITH                                                                                              DEFENDANTS

**OPINION AND ORDER**

Before the Court are Defendants' motion to dismiss (Doc. 10), Defendants' renewed and supplemental motion to dismiss (Doc. 18), Defendants' motion to supplement their motion to dismiss to correct the record (Doc. 24), pro se Plaintiff Jeffrey Hill's motions for sanctions (Docs. 22, 33, 38, 42), Defendants' motion for summary judgment (Doc. 30), Hill's motion for judgment on the pleadings (Doc. 36), and the parties' responses and supporting documents. The case of *Hill v. Krehbiel, et al*, Case No. 2:16-CV-02064 (the "member case"), was consolidated with this case on June 16, 2016, due to the nearly identical claims against nearly the same defendants in both actions. (Doc. 18 in the member case). The Court ordered that all pleadings and other documents in the consolidated cases be filed in this case. (*Id.*). Before the Court's order granting the motion to consolidate, Defendants filed a motion to dismiss (Doc. 9 in the member case), Hill filed a motion for sanctions (Doc. 14 in the member case), and Krehbiel filed a motion to supplement his motion to dismiss to correct the record (Doc. 16 in the member case). After the consolidation, Defendants filed their motion for summary judgment (Doc. 30) that the Court considers herein.

**I.      Background**

Hill's amended complaint alleges that he applied for admission to the University of Arkansas Fort Smith ("UAFS") for the Spring 2014 semester, but that he was denied admission

1

without cause by UAFS's felony review committee. (Doc. 16, ¶¶ 11-12). Hill was convicted of a felony in connection with possessing a firearm at Mississippi State University. (Doc. 32, ¶ 1).[1] On January 14, 2014, the felony review committee approved Hill's admission starting with the first summer session of that year on the condition that he meet with Dr. Lee Krehbiel, Vice Chancellor for Student Affairs, on a monthly basis. (*Id.*, ¶ 25). The felony review committee concluded that Hill's application and vaccination record were incomplete at the time of his conditional acceptance, and moved the acceptance date to the Summer term. (*Id.*). Hill states that he was "readmitted for the Fall of 2014." (Doc. 1 in the member case, ¶ 11).

Hill claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, that his Fifth and Fourteenth Amendment due process rights were violated by Defendants in denying him admission to UAFS without a hearing. (Doc. 16, ¶¶ 36-40). He additionally claims that his Thirteenth Amendment right against involuntary servitude was violated in the felony review committee's decision to require Hill to meet monthly with Krehbiel. (Id., ¶¶ 41-43).

Hill's amended complaint omits any factual allegations that could be liberally construed as a cause of action under the Freedom of Information Act ("FOIA"). The original complaint included as supporting facts for Hill's due process claim that he sent a FOIA request for the minutes of the felony review committee's hearing but that none of the requested documents were produced in UAFS's response. (Doc. 1, p. 5).

In Hill's complaint in the member case, he asserted a claim against Krehbiel for denying his application to UAFS's Commercial Driver's License ("CDL") program in December 2015. (Doc. 1 in the member case, pp. 3-4). Hill noted on the application that he was convicted of a

---

[1] Because Plaintiff has not disputed the Defendants' statement of facts, those facts are deemed admitted. *See* Local Rule 56.1(c).

felony for a "gun charge on campus" in 2010. (Doc. 32, ¶ 33). On December 3, 2015, Krehbiel sent a letter to Hill stating, "[b]efore a decision can be made regarding your application for admission to the CDL program, I need to meet with you." (Doc. 32, ¶ 35). Hill claims pursuant to §§ 1983, 1985, and 1988, that Krehbiel and UAFS violated his Fifth and Fourteenth Amendment due process rights by denying him admission to the program without a hearing procedure. (Doc. 1 in the member case, ¶ 33). Additionally, Hill claims that Krehbiel violated his Thirteenth Amendment right protecting him from involuntary servitude when "Krehbiel notified Hill that his admission was denied and he would be compelled to [attend] meetings with Krehbiel without a hearing or cause." (*Id.*, ¶ 39).

## II.   Legal Standard

When a party moves for summary judgment, it must establish both the absence of a genuine dispute of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Nat'l Bank of Commerce of El Dorado, Ark. v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999). In order for there to be a genuine issue of material fact, the non-moving party must produce evidence "such that a reasonable jury could return a verdict for the nonmoving party." *Allison v. Flexway Trucking, Inc.*, 28 F.3d 64, 66–67 (8th Cir. 1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Only facts "that might affect the outcome of the suit under the governing law" need be considered. *Anderson*, 477 U.S. at 248. "[T]he non-movant must make a sufficient showing on every essential element of its claim on which it bears the burden of proof." *P.H. v. Sch. Dist. of Kan. City, Mo.*, 265 F.3d 653, 658 (8th Cir. 2001) (quotation omitted). Facts asserted by the nonmoving party "must be properly supported by the record," in which case those "facts and the inferences to be drawn from them [are viewed] in the light most favorable to the nonmoving party."

3

*Id*. at 656–57. However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III.   Discussion

Because Hill proceeds pro se, the Court gives his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) ("A document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks omitted). A pro se party must still be "expected to be familiar with and follow the Federal Rules of Civil Procedure." Local Rule 5.5(c)(2).

The Fourteenth Amendment's Due Process clause provides, in relevant part, that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "This clause has two components: the procedural due process and the substantive due process components." *Singleton v. Cecil,* 176 F.3d 419, 424 (8th Cir.1999) (en banc) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833 (1998)). Here, Hill alleges that in January 2014 he was denied admission to UAFS without a hearing, and in December 2015 he was denied admission to UAFS's CDL program without a hearing. These are procedural due process claims. "To make out a claim for a violation of procedural due process, the plaintiff has the burden of showing that (1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Stevenson v. Blytheville Sch. Dist. #5*, 800 F.3d 955, 965–66 (8th Cir. 2015) (quotation omitted). Based on the admitted

statement of facts, the Court is not certain that Hill has a liberty or property interest in continuing his college education at UAFS. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 35 (1973) ("Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected."). Even if he does have a liberty or property interest in being admitted to UAFS and its CDL program, though, Hill has not alleged a deprivation of the protected interest such that he has failed to meet his Rule 56 burden and summary judgment will be granted.

Contrary to Hill's labeling, he was not "denied" admission to either UAFS or UAFS's CDL program. Hill was accepted to UAFS in January 2014, conditioned only upon him meeting with Krehbiel on a monthly basis.[2] Kelly Dewitt, the interim director of admissions, wrote to Hill that the felony appeal committee "decided that you can be admitted to start during the summer semester once your admissions process is complete" with the stipulation that he meet with Krehbiel on a monthly basis once classes began. (Doc. 32, ¶ 29). Krehbiel later explained to Hill that "[t]hirty minutes will be adequate time" to conduct the first meeting. (*Id.*, ¶31). None of the Defendants deprived Hill of a constitutionally-protected liberty or property interest when UAFS granted Hill admission contingent upon 30-minute monthly meetings with the Vice Chancellor for Student Affairs.

Similarly, Hill was not "denied" admission to UAFS's CDL program; his application was put on hold pending him first meeting with Krehbiel. (*Id.*, ¶ 35). Hill apparently began classes in Fall 2014, and there is no indication from the pleadings that he has ever actually met with Krehbiel. (*Id.*, ¶ 36). On January 6, 2016, Krehbiel communicated with Hill that "the agreement when we

---

[2] The Court does not view UAFS's decision to push Hill's acceptance to Summer 2014 as implicating a constitutionally-protected liberty or property right because Hill had not completed his application or vaccination records at the time UAFS reached its decision.

5

first admitted you to UAFS" was that Hill would meet with Krehbiel but that "you haven't come in yet." (*Id*.). Krehbiel later wrote that it was an administrative requirement that Hill have a "personal conversation" with him and that the meeting should "not take more than 30 minutes." (*Id*., ¶ 37). Based on the record, it appears to the Court that UAFS reduced its original condition of monthly meetings to simply one, 30-minute meeting with Krehbiel more than a year after Hill began attending courses at UAFS and as a part of his application to the CDL program. Hill was not denied a constitutionally-protected liberty or property interest by having his application to UAFS's CDL program put on hold pending a 30-minute meeting with the Dean of Student Affairs.

Because Hill has not alleged a deprivation of a protected interest, he has not made a prima facie showing of a procedural due process claim, and the Court need not discuss whether he was afforded an adequate hearing. Summary judgment will be granted to Defendants on Hill's due process claims asserted pursuant to §§ 1983, 1985, and 1988.

Hill's Thirteenth Amendment claim is borderline frivolous, and summary judgment for Defendants is proper. The Thirteenth Amendment abolishes slavery and involuntary servitude in the United States, and provides that "Congress shall have power to enforce [the Thirteenth Amendment] by appropriate legislation." U.S. Const. amend. XIII. The requirement to meet with the Vice Chancellor for Student Affairs at a college that Hill was conditionally accepted to and then attended is not involuntary servitude.

Because the Court will in any case exercise its discretion not to impose sanctions, no analysis of whether Rule 11 was violated is necessary, and the motions for sanctions will be denied. Because summary judgment is being granted for Defendants, Defendants' motions to dismiss (Doc. 10; Doc. 9 in the member case), Defendants' renewed and supplemental motion to dismiss (Doc. 18), Defendants' motion to supplement their motion to dismiss to correct the record (Doc.

24; Doc. 16 in the member case), and Hill's motion for judgment on the pleadings (Doc. 36) will be denied as moot.

## IV. Conclusion

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 30) will be GRANTED. Plaintiff Jeffrey Hill's claims in this case are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Hill's claims in the member case of *Hill v. Krehbiel, et al*, Case No. 2:16-CV-02064 are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Hill's motions for sanctions (Docs. 22, 33, 38, 42; Doc. 14 in the member case) are DENIED.

IT IS FURTHER ORDERED that all remaining outstanding motions are DENIED AS MOOT.

IT IS SO ORDERED this 8th day of November, 2016.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE